**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**J. W., *et al.*,**

**Plaintiffs,**

**v.**

**Civil Action 2:26-cv-1022**
**District Judge Algenon L Marbley**
**Magistrate Judge Kimberly A. Jolson**

**Quantum Health, Inc., *et al.*,**

**Defendants.**

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonym. (Doc. 11). For the following reasons, the Motion is **GRANTED in part and DENIED in part**. Plaintiffs are **ORDERED** to refile their Complaint, identifying them by their first names and last initials, **within seven (7) days**.

## I. BACKGROUND

Briefly, Plaintiffs' claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and the Mental Health Parity and Addiction Equity Act, 29 U.S.C. § 1132(a)(3). (Doc. 1). As alleged, Plaintiff J.W. is an employe of White Cap Supply Holdings, LLC and enrolled as a participant in the White Cap, Ltd. Health and Welfare Program High Deductible Plan (the "Plan"). (*Id.* at ¶¶ 4–5 ). J.W.'s dependent child, C.W., is a beneficiary of the Plan. (*Id.* at ¶ 7).

The Complaint alleges C.W. has suffered from behavioral health and psychiatric conditions since childhood. (*Id.* at ¶¶ 27–32). His doctors eventually recommended that he be enrolled in long-term residential treatment. (*Id.*). In November 2023, C.W. was enrolled in a residential

treatment program at Triumph Youth Services ("Triumph"). (*Id.* at 2, ¶¶ 22–25, 33–35). He underwent treatment there for sixteen months and benefited from the treatment. (*Id.*). Triumph charged $248,300 for the services it provided to C.W. (*Id.* at ¶ 35). Triumph's charge was submitted to Defendants under the Plan. (*Id.*). Defendant Quantum Health, Inc. ("Quantum") denied all of Plaintiffs' claims on those charges under several rationales, all of which Plaintiffs dispute. (*Id.* at ¶¶ 37–39). Plaintiffs appealed twice. (*Id.* at ¶¶ 40–45). Quantum ultimately issued a final appeal determination, affirming the prior denials. (*Id.* at ¶¶ 46–59).

Plaintiffs now seek, among other things, the total costs they incurred for C.W.'s treatment at Triumph. (*Id.* at ¶¶ 60–84). Plaintiffs also want to proceed under their initials rather than their full names. (Doc. 11). The Court considers that request here.

## II. STANDARD

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). But, in certain circumstances, the Court "may excuse [parties] from identifying themselves." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the Sixth Circuit directs district courts to consider the following:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). "It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

## III. DISCUSSION

According to Plaintiffs, C.W.'s substantial privacy interests outweigh the presumption of disclosure of his identity. (Doc. 11). And by extension, his parent, as identification of J.W. could "easily lead to the identification of C.W. as well." (*Id.* at 5). Plaintiffs cite the second *Porter* factor, lack of prejudice, and the harm C.W. would face if he were identified to justify their ask. (*Id.* at 3–5).

Plaintiffs do not argue that the first, third, or fourth *Porter* factors are met. And indeed, this action does not challenge governmental action and does not compel Plaintiffs to disclose an intention to violate the law. It also seems that C.W. is an adult. These factors, then, weigh against Plaintiffs' request.

The second *Porter* factor—whether the litigation will compel Plaintiffs to disclose information of the utmost intimacy—requires more nuanced deliberation. Courts in this Circuit have noted examples of information of the utmost privacy concern include "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Doe v. UNUM Life Ins. Co., of Am.*, No. 3:22-CV-212-DCLC-DCP, 2022 WL 20686965, at *3 (E.D. Tenn. Sept. 20, 2022) (quoting G.*E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012)). While none of those are at play here, Plaintiffs argue that C.W.'s serious mental health conditions—some of which stem from his childhood—and long-term treatment are information of the utmost intimacy

that should remain private. (Doc. 11 at 3). And disclosing Plaintiffs' identities would result in stigmatization of and harm to both C.W. and other litigants with mental illnesses. (*Id.* at 4–5 (arguing the realities of the internet mean that if C.W.'s identity is connected to this action, the connection will last "in perpetuity")).

Up front, Plaintiffs' argument does not fit neatly into the confines of the second *Porter* factor. Stigmatization of mental illness on a grand scale does not necessarily translate to C.W.'s illnesses or treatment being "information of the utmost intimacy." And in this Circuit, stigmatization of a mental illness, even on an individual level, has generally not been enough to push the needle in analogous circumstances. *Cf. Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020) (upholding a district court's finding that "concerns about stigma and scrutiny from prospective employers do not involve 'information of the utmost intimacy'" in a case brought under the Americans with Disabilities Act)); *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024). Even Plaintiffs' general supposition that C.W. would face "distress" if he were identified and would potentially experience a setback in his progress does not, under the law, weigh strongly in his favor. *See, e.g.*, *UNUM Life Ins. Co., of Am.*, 2022 WL 20686965, at *3 (noting plaintiffs must generally justify pseudonym requests with more than "generalized and unspecific fears").

At the same time, the Court does not discount that in very limited cases, certain factual and legal allegations related to a party's medical history implicate weighty privacy concerns. For example, citing "significant privacy concerns," this Court allows claimants filing cases challenging a decision of the Commissioner of Social Security—which, by nature, involve detailed discussion of sensitive medical information—under their first name and last initial only. S.D. Ohio General Order 22-01. Those same "significant privacy concerns" debatably exist here, where C.W.'s

history of behavioral health issues and mental illness, and the circumstances surrounding his residential treatment will undoubtedly be at the forefront of this litigation. *Cf. Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (comparing an ERISA plaintiff with severe, treatment-resistant bipolar disorder to litigants who receive abortion care or an HIV diagnosis); *Smith v. United Healthcare Ins. Co.*, No. 18-CV-06336-HSG, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019) (allowing an ERISA plaintiff to proceed anonymously "to preserve her privacy in the sensitive area of her mental health diagnosis and treatment").

What's more, the *Porter* factors are not exclusive considerations. *See, e.g.*, *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at * (M.D. Tenn. Oct. 29, 2021); *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d 1040, 1043 (M.D. Tenn. 2023); *Plaintiff v. Wayne State Univ.*, No. 20-CV-11718, 2021 WL 243155, at *7 (E.D. Mich. Jan. 29, 2021). To this end, the Court also finds relevant the public's interest in "ensuring that cases like [C.W.'s] are adjudicated and the rights of mental illness sufferers are represented fairly." *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (warning that "unscrupulous insurance companies may be encouraged to deny valid claims with the expectation that [individuals with mental illness] will not pursue their rights in court" should the plaintiff be denied leave to proceed under a pseudonym). The Court also considers that Defendants will likely suffer no prejudice if Plaintiffs are allowed to proceed under a pseudonym because Defendants already know who they are. (Doc. 11 at 5). *See Citizens for a Strong Ohio*, 123 F. App'x at 636.

On balance, this case presents a close call. Plaintiffs arguably have demonstrated only one *Porter* factor. But also weighing in their favor is the public's interest in the adjudication of this case and the lack of prejudice to Defendants. In the end, the Court finds a middle ground sufficiently balances Plaintiffs' privacy interests with the presumption in favor of open judicial

proceedings. While they may not proceed under their initials, Plaintiffs will be permitted to proceed under their first names and last initial. *Cf. Kurt W. v. Gartner, Inc.*, No. 2:24-CV-00504, 2025 WL 589977 (D. Utah Feb. 24, 2025). The Court underscores that this decision strikes the appropriate balance between openness and privacy for this particular ERISA action. Not all ERISA actions will present the same factual or legal scenario justifying even the partial relief the Court allows here. *Cf. UNUM Life Ins. Co., of Am.*, 2022 WL 20686965, at *4 (noting that even if the Court were to consider out of circuit precedent allowing an ERISA plaintiff to proceed under a pseudonym, the plaintiff had not shown "her fears regarding her injuries carry similar stigma as someone with psychiatric disorders"). In other words, this opinion offers a measured outcome justified by the relevant considerations—not a one-size-fits-all solution.

Consequently, Plaintiffs are **ORDERED** to refile their Complaint which conforms to this Order **within the next seven (7) days**. Additionally, all parties to this action are **GRANTED** leave to, in any filing in this case, redact Plaintiffs' names so only their first names and last initials are revealed. Further, because Defendants have not been served, should they wish the Court to reevaluate this decision, they may file a brief to that end **within fourteen (14) days** of counsel entering an appearance.

As a final note, the Court reminds Plaintiffs of the other avenues available to them to address additional privacy concerns, such as seeking protective orders or moving to seal filings from the public docket under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Proceed Under Pseudonym (Doc. 11) is **GRANTED in part and DENIED in part**. Plaintiffs are **ORDERED** to refile their Complaint, identifying them by their first names and last initials, **within seven (7) days**.

IT IS SO ORDERED.

Date: September 9, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE